IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Fernando Garcia,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Warden Fizer, et al.,<br><br>　　　　Respondents. | No. CV 05-2593-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

　　　　Petitioner Luis Fernando Garcia has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges the judgment of conviction and sentence imposed against him in the Maricopa County Superior Court on April 24, 2003. Doc. #1.

**BACKGROUND**

　　　　Following a jury trial in March 2003, Petitioner was found guilty of seven felony counts, including three counts of armed robbery, three counts of kidnaping and one count of unlawful flight from law enforcement. Doc. #13, Exh. T. Petitioner represented himself at trial after the court denied his request for a new attorney. Doc. #13, Exh. M-O. On April 24, 2003, the court entered judgments of guilt for the seven counts and sentenced Petitioner to concurrent terms of 18 years in prison for the armed robbery and kidnaping offenses. Doc. #13, Exh. X. In addition, the court imposed a consecutive sentence of 1.5 years for the unlawful flight offense. Id.

1          Petitioner's counsel on direct appeal filed an opening brief pursuant to Anders v.
2  California, 386 U.S. 738 (1967), in which he stated that after searching the record he could
3  find no issues to raise.  Doc. #13, Exh. GG.  Counsel also filed a motion for leave to allow
4  Petitioner to file a *pro per* supplemental brief, which the Arizona Court of Appeals granted.
5  Doc. #13, Exh. HH, II.  On January 16, 2004, Petitioner filed a document titled "Motion for
6  Clerical Mistakes" which contained grounds for relief on appeal and thus was construed as
7  a supplemental brief.  Doc. #13, Exh. KK, LL, MM.  On May 20, 2004, the Court of Appeals
8  issued a Memorandum Decision rejecting Petitioner's claims and affirming his convictions.
9  Doc. #13, Exh. PP.  Petitioner did not file a motion for reconsideration or a petition for
10 review to the Arizona Supreme Court.  Doc. #13, Exh. QQ.
11         Petitioner filed a Notice of Post-Conviction Relief in the trial court on May 5, 2003.
12 Doc. #13, Exh. Y.  The trial court appointed counsel (not his direct appeal lawyer) to
13 represent him in the post-conviction proceedings.  Doc. #13, Exh. FF, OO.  After the direct
14 appeal was completed, post-conviction counsel filed a Rule 32.4(c)(2) Notice of Completion
15 on August 3, 2004, stating that counsel reviewed the record and found no colorable claims
16 to raise.  Doc. #13, Exh. RR.  The court then issued an order granting Petitioner time to file
17 a *pro per* petition for post-conviction relief.  Doc. #13, Exh. SS.  Petitioner filed a *pro per*
18 petition on September 17, 2004.  Doc. #13, Exh. TT.  However, the court rejected the petition
19 because it exceeded the 25 page limit set forth in Rule 32.5 of the Arizona Rules of Criminal
20 Procedure.  Doc. #13, Exh. UU.  The court set a new deadline of November 5, 2004, to file
21 the petition and when Petitioner failed to file by that date, the court dismissed the post-
22 conviction proceedings.  Doc. #13, Exh. WW.  Petitioner submitted a petition on December
23 14, 2004, but the court again dismissed the post-conviction proceedings, concluding that
24 Petitioner failed to show cause for his failure to comply with the deadline.  Doc. #13, Exh.
25 ZZ.  The court subsequently denied a motion to reinstate his petition.  Doc. #13, Exh. CCC.
26 Petitioner did not file a petition for review in the Arizona Court of Appeals or the Arizona
27 Supreme Court.
28

On August 26, 2005, Petitioner filed his habeas petition in this court. Petitioner alleges two grounds for relief in the body of the petition: (1) that he was denied an effective attorney in violation of the Sixth Amendment; and (2) that his conviction was obtained using evidence gathered pursuant to an unlawful arrest in violation of the Fourth Amendment. In a document dated August 12, 2005, that is written in Spanish and attached to his petition, Petitioner raises another claim, which the court will identify as ground three.[1] Petitioner alleges in ground three that he did not have legal representation at his restitution hearing on June 26, 2003, and as a result he was ordered to pay $6,523.00 in restitution. Petitioner also attached to his petition a second document written in Spanish that is dated August 16, 2005.[2] Petitioner raised an additional claim in that document which the court will identify as ground four. He alleges in ground four that his lawyer failed to show him the evidence that the State intended to use against him. He claims that he did not enter a plea agreement when one was offered because he had never been shown any evidence.

The court screened the petition on May 22, 2006, and ordered service of process on Respondents. Doc. #7. On July 18, 2006, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #13. Petitioner has not filed a reply even though the screening order expressly granted him permission to do so. Doc. #7 at 3.

The Arizona Court of Appeals summarized the facts of the case in its memorandum decision:

> Three armed men entered a business, and one of them demanded money from the cash register. While the employee surrendered the money, she triggered a silent alarm. The men restrained the employee and two customers with duct tape. They also robbed the customers at gunpoint.
> The three men fled. Phoenix Police Officer Stewart heard the robbery call while nearby. The officer was driving to the scene when he observed citizens "frantically pointing"

---

[1] The document was translated by Ricardo Gonzalez, United States Court Interpreter, on October 6, 2006, and is attached as Exhibit A.

[2] This document was also translated by Ricardo Gonzalez, United States Court Interpreter, on October 6, 2006, and is attached as Exhibit B.

- 3 -

> around a corner. Officer Stewart then saw the men, and watched them run to a vehicle. Standing outside of the vehicle by the driver's door was Defendant. The three men and Defendant entered the vehicle simultaneously. With Defendant driving, the vehicle proceeded in Officer Stewart's direction. The officer had to maneuver his vehicle to avoid a collision. The officer then chased the vehicle and activated his sirens and signals. In response, the vehicle accelerated. The vehicle later slowed to five or ten miles per hour and the occupants jumped from the vehicle. Officer Stewart, dressed in uniform, pursued Defendant on foot and yelled stop commands. The officer had to tackle Defendant to end the chase.

## DISCUSSION

Respondents contend in their answer that Petitioner has procedurally defaulted on his claims for relief. Respondents assert, therefore, that the petition should be denied and dismissed with prejudice. Having failed to file a reply, Petitioner has not addressed the question of whether his claims are procedurally defaulted.

**A.     Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Moreover, a claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that

- 4 -

those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

### 1.     Ground One

Petitioner alleges in ground one that his lawyer provided ineffective assistance by failing to contact and interview witnesses who could corroborate Petitioner's version of events. In addition, Petitioner claims that the trial court erred by refusing to appoint a different attorney to represent Petitioner at the trial. Respondents argue that the claims in ground one are procedurally defaulted because Petitioner failed to fairly present them as federal claims in the state court, thus depriving the state court of the opportunity to address them. A review of Petitioner's "Motion for Clerical Mistakes," which the Arizona Court of Appeals construed as a *pro per* supplemental brief, shows that Petitioner raised four claims.

- 5 -

Doc. #13, Exh. KK, LL, MM. None of the four claims describes a federal legal theory on which the claims are based. Moreover, the only one of the four that relates to counsel challenges the court's failure to consider a post-trial motion requesting a new attorney. Doc. #13, Exh. LL. Thus, Petitioner's allegations in ground one were not fairly presented on direct appeal.

The claims in ground one were also not fairly presented in the state post-conviction relief process. After Petitioner's *pro per* post-conviction was rejected because it exceeded the page limit, the trial court gave Petitioner another opportunity by setting a new deadline, which Petitioner failed to meet. Doc. #13, Exh. UU. As a result, the trial court dismissed the post-conviction proceedings. Doc. #13, Exh. WW. Petitioner did not seek review in the Arizona Court of Appeals.

By failing to fairly present ground one in the state court, Petitioner has not exhausted his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[3] As a result, his claims in ground one are procedurally defaulted. Petitioner has not established cause for his failure to raise the claims in state court, nor has he shown actual prejudice. Petitioner has also not demonstrated that a miscarriage of justice would result if these claims are not addressed. For these reasons, the court will recommend that the claims in ground one be denied.

**2. Ground Two**

Petitioner contends in ground two that the evidence used by the State to convict him was obtained pursuant to an unlawful arrest in violation of the Fourth Amendment. Petitioner does not explain in ground two why he believes his arrest was unlawful but complains that he made requests to his lawyer and the prosecutor to show him the evidence the State intended to use against him.

---

[3] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

The *pro per* supplemental brief submitted to the Arizona Court of Appeals on direct review contains no Fourth Amendment claim. Petitioner does assert that he never saw any of the evidence before trial but he fails to allege a violation of federal law or otherwise present a federal legal theory on which the claim is based. The claim was therefore not fairly presented on direct appeal.

Moreover, for the same reasons set forth in ground one, the claim was not fairly presented in the state post-conviction relief process. Petitioner did not seek review in the Arizona Court of Appeals after the trial court dismissed his post-conviction proceedings.

By failing to fairly present ground two in the state court, Petitioner has not exhausted his state court remedies and he would no longer have a remedy if he returned to the state court. As a result, his claim in ground two is procedurally defaulted. Petitioner has not established cause for his failure to raise the issue in state court, nor has he shown actual prejudice. Petitioner has also not demonstrated that a miscarriage of justice would result if this issue is not addressed. For these reasons, the court will recommend that the claim in ground two be denied.

### 3. Ground Three

Petitioner alleges in ground three that he had no legal representation at his restitution hearing and was ordered to pay $6,523.00 as restitution to the victims. Petitioner's *pro per* supplemental brief submitted to the Arizona Court of Appeals on direct review contains no claim regarding representation at his restitution hearing. Further, this claim was not fairly presented in the state post-conviction relief process because Petitioner did not seek review in the Arizona Court of Appeals after the trial court dismissed his post-conviction proceedings.

By failing to fairly present ground three in the state court, Petitioner has not exhausted his state court remedies and he would no longer have a remedy if he returned to the state court. As a result, his claim in ground three is procedurally defaulted. Petitioner has not established cause for his failure to raise the issue in state court, nor has he shown actual prejudice. Petitioner has also not demonstrated that a miscarriage of justice would result if

this issue is not addressed. For these reasons, the court will recommend that the claim in ground three be denied.

### 4. Ground Four

Petitioner alleges in ground four that his lawyer failed to show him the evidence that the State intended to use against him. He claims that he did not enter a plea agreement when one was offered because he had never been shown any evidence. Although he doesn't specifically allege it, Petitioner appears to be raising another ineffective assistance of counsel claim.

Petitioner raised a similar claim in his *pro per* supplemental brief on direct appeal. However, that claim alleged that the **State** failed to show him the evidence it intended to use against him. The claim was not raised as an ineffective assistance of counsel claim as it is here in his habeas petition. Indeed, the Arizona Court of Appeals characterized the claim in its Memorandum Decision as an allegation that the State failed to disclose evidence. Doc. #13, Exh. PP at 3. Thus, Petitioner failed to fairly present it as a federal ineffective assistance of counsel claim in his direct appeal. Additionally, this claim was not fairly presented in the state post-conviction relief process because Petitioner did not seek review in the Arizona Court of Appeals after the trial court dismissed his post-conviction proceedings.

By failing to fairly present ground four in the state court, Petitioner has not exhausted his state court remedies and he would no longer have a remedy if he returned to the state court. As a result, his claim in ground four is procedurally defaulted. Petitioner has not established cause for his failure to raise the issue in state court, nor has he shown actual prejudice. Petitioner has also not demonstrated that a miscarriage of justice would result if this issue is not addressed. For these reasons, the court will recommend that the claim in ground four be denied.

**B. Conclusion**

Having determined that all of Petitioner's claims are procedurally defaulted, the court will recommend that the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 17th day of October, 2006.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge