**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Fernando Garcia, | No. CV-05-2593-PHX-DGC (ECV) |
| Petitioner, | **ORDER** |
| v. | |
| Warden Fizer, et al., | |
| Respondents. | |

Pending before the Court are Petitioner Luis Fernando Garcia's petition for writ of habeas corpus and United States Magistrate Judge Edward C. Voss' Report and Recommendation (R&R). Dkt. ##1, 14. The R&R recommends that the Court deny the petition. Dkt. #14 at 9. Petitioner has filed an objection to the R&R. Dkt. #19. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.     Background.**

Petitioner was convicted of three counts of armed robbery, three counts of kidnaping, and one count of unlawful flight from law enforcement. Dkt. #14 at 1. The court sentenced Petitioner to concurrent 18-year sentences for the armed robbery and kidnaping offenses, and a consecutive 1½-year sentence for the unlawful flight offense. *Id.* Petitioner's conviction and sentence became final on June 19, 2004. *See id.* at 2. Petitioner is currently confined at the Arizona State Prison Complex-Tucson. Dkt. #19 at 1.

1    Petitioner commenced this action by filing a petition for writ of habeas corpus
2 pursuant to 28 U.S.C. § 2254. Dkt. #1. Petitioner asserts four claims for relief: (1) that he
3 was denied effective assistance of counsel in violation of the Sixth Amendment, (2) that his
4 conviction was obtained using evidence gathered pursuant to an unlawful arrest in violation
5 of the Fourth Amendment, (3) that he did not have legal representation at his restitution
6 hearing on June 26, 2003, and as a result he was ordered to pay $6,523.00 in restitution, and
7 (4) that his lawyer failed to show him the evidence that the State intended to use against him.
8 Dkt. #14. Respondents have filed an answer to the petition arguing that Petitioner's grounds
9 for relief are exhausted and procedurally defaulted. Dkt. #13.

10 **II.   Standard of Review.**

11    Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court may
12 not grant habeas relief unless Petitioner has exhausted his claims in state court. 28 U.S.C.
13 § 2254(b)(1); *see Gray v. Netherland*, 518 U.S. 152, 161 (1996). To exhaust claims properly
14 in state court, a petitioner must fairly present his claims to the state's highest court in an
15 appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-46 (1999). In Arizona, a
16 petitioner may exhaust state remedies by fairly presenting his claims to the Arizona Court
17 of Appeals through the direct appeal process or through appropriate post-conviction relief.
18 *Swoopes v. Sublett*, 196 F.3d. 1008, 1010 (9th Cir. 1999). To fairly present the claims, the
19 petitioner must describe the operative facts and the federal legal theory on which the claim
20 is based. *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001) (quoting *Bland v. Cal.
21 Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by
22 Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc)).

23    Procedural default occurs when a state court finds a claim barred on procedural
24 grounds that are independent of the merits of the federal claim and that provide an adequate
25 basis for the court's decision. *Harris v. Reed*, 489 U.S. 255, 262 (1989). A ruling by a state
26 court that a claim is defaulted under Arizona Rule of Criminal Procedure 32.2(a) based on
27 failure to raise it on direct appeal is both an independent and adequate reason that a petitioner
28 has no remedy available in state court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002). Thus,

- 2 -

although the claim is technically exhausted because petitioner has no state court remedy, it may be procedurally defaulted. If a state court finds that a petitioner's claims are procedurally defaulted, federal habeas review is precluded unless the petitioner can show that a miscarriage of justice would result if he is not allowed to bring his habeas petition or that cause and actual prejudice should excuse the default. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). In all cases, state court rulings deserve great deference. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) ("The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

## III. Discussion.

### A. Petitioner's Objection to the R&R.

The R&R recommends that all claims be dismissed with prejudice because they were not properly exhausted and are now procedurally defaulted. Dkt. #14. It asserts that Petitioner has failed to show cause to excuse his procedural default, actual prejudice, or that a miscarriage of justice would result from upholding the procedural bar. *Id.*

Petitioner's objection simply reiterates the claims raised in his petition. He restates that his "lawyer provided ineffective assistance" and that "the trial court erred by refusing to appoint a different attorney to represent Petitioner at the trial." Dkt. #19 at 1. Petitioner also restates "that the evidence used by the state to convict him was obtained pursuant to an unlawful arrest in violation of the U.S. Const. Amend. 4th." *Id.* at 11. Petitioner does not address the R&R's conclusions that all claims are procedurally defaulted. *See id.*

The Court deems Petitioner's objection ineffective. Rule 72(b) of the Federal Rules of Civil Procedure states that a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific written objection* has been made[.]" *Id.* (emphasis added). Because Petitioner has made no specific objection, the Court is relieved of any obligation to review the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (Section 636(b)(1) "does not . . . require

1  any review at all . . . of any issue that is not the subject of an objection."); *United States v.*
2  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

3  Petitioner does argue that there was "[a]n obvious 'fundamental miscarriage of
4  justice,' when court denied his past trial request to terminate my self representation and
5  appoint counsel." Dkt. #19 at 2. But the fundamental miscarriage of justice exception
6  applies only when a petitioner establishes, "in light of all the evidence, including new
7  evidence, [that] 'it is more likely than not that no reasonable juror would have found
8  petitioner guilty beyond a reasonable doubt.'" *Carriger v. Stewart*, 132 F.3d 463, 478 (9th
9  Cir. 1997) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has made no such
10 showing.

11 Because Petitioner has failed to provide specific objections to the R&R and has failed
12 to show that a miscarriage of justice would occur, the Court will accept the R&R and deny
13 the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or
14 modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed.
15 R. Civ. P. 72(b) (same).

16 **B.     Petitioner's New Argument.**

17 In his objection, Petitioner advances for the first time the argument that his sentence
18 was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). Dkt. #19 at 10. The
19 Ninth Circuit has held "'categorically that an unsuccessful party is not entitled as of right to
20 *de novo* review by the [district] judge of an argument never seasonably raised before the
21 magistrate.'" *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (citation omitted).
22 Rather, the district judge has discretion, but is not required, to consider an argument raised
23 for the first time in an objection to the magistrate's R&R. *Id.* at 621-22. The Court could
24 decline to consider Petitioner's new argument because he had a previous opportunity to raise
25 it, but failed to do so. Nevertheless, Petitioner's new argument fails on its merits because
26 *Blakely* was decided after Petitioner's conviction became final, and "*Blakely* does not apply
27 retroactively to convictions that became final prior to its publication." *Schardt v. Payne*, 414
28 F.3d 1025, 1027 (9th Cir. 2005); *see* Dkt. #13 Exs. PP & QQ; Ariz. R. Crim. P. 31.19(a).

**IT IS ORDERED:**

1. Magistrate Judge Voss' R&R (Dkt. #14) is **accepted**.

2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.

3. The Clerk shall **terminate** this action.

DATED this 19th day of December, 2006.

David G. Campbell
United States District Judge